UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEO. VANCOUVER UNIVERSITY COLLEGE CORPORATION, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY, a foreign corporation doing business in Washington; DOES I-V,<br><br>Defendants. | No.:<br><br>NOTICE OF REMOVAL |

TO:         Clerk of the Court

AND TO:   Geo. Vancouver University College Corporation, Plaintiff

AND TO:   Robert D. Bohm, Attorney for Plaintiff

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Scottsdale Insurance Company ("Scottsdale") hereby removes to this Court the state court action described below.

## I. BACKGROUND

1. On October 21, 2024, Plaintiff Geo. Vancouver University College Corporation ("Plaintiff") filed a Complaint for Damages in the Washington State Superior Court in and for King County as case number 24-2-19384-7 SEA entitled *Geo. Vancouver*

*University College Corporation v. Scottsdale Insurance Company* (the "State Court Action"). In the Complaint, Plaintiff asserts seven causes of action: (1) declaratory judgment, (2) breach of contract, (3) breach of duties of good faith and fair dealing and common law bad faith, (4) negligent and/or bad faith claims handling, (5) violation of the Consumer Protection Act ("CPA"), (6) injunctive relief, and (7) violation of Insurance Fair Conduct Act ("IFCA").[1]

2. On October 21, 2024, Plaintiff, in accordance with Washington law, served a copy of the Summons and Complaint on the Office of the Insurance Commissioner, which accepted service on behalf of Scottsdale. Scottsdale received copies of the Summons and Complaint on October 28, 2024. This Notice of Removal is timely filed within 30 days of Scottsdale's receipt of the Complaint pursuant to 28 U.S.C. § 1446(b).[2]

## II. JURISDICTION

3. The State Court Action may be removed to this Court pursuant to 28 U.S.C. §1441(b) because this Court has jurisdiction under 28 U.S.C. § 1332(a).

4. Complete diversity exists between the parties because Scottsdale and Plaintiff are citizens of different states and/or Plaintiff is a citizen/subject of a foreign state.[3] A corporation is a citizen of the state or foreign state where it is incorporated and of the state or

---

[1] Complaint for Relief and Money Damages ("Complaint").

[2] *See* 28 U.S.C. § 1446(b)(1) (the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise); *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir.2019) (holding that "the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent and began in this case only when [the insurer] actually received [the insured's] complaint").

[3] 28 U.S.C. § 1332(a)(1) and (2); *see also, Grancare, LLC v. Mills ex rel. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018)( Diversity jurisdiction requires "complete diversity," meaning that "each plaintiff must be of a different citizenship from each defendant."); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that at the removal stage, the defendant need only "allege (not prove) diversity").

foreign state where it has its principal place of business.[4]

    a. Scottsdale is an Ohio corporation with its principal place of business in Arizona.

    b. Plaintiff is a corporation formed under the laws of the province of British Columbia, Canada. Plaintiff's principal place of business is located in either British Columbia, Canada or Bellingham, Washington.

5. The amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

    a. Plaintiff's Complaint does not specify the amount in controversy. When a complaint does not specify the amount in controversy, the Defendant may do so in a notice of removal.[5] A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[6] The amount in controversy requirement may be satisfied by claims for attorney's fees authorized by law, and by claims for punitive or multiplied damages.[7]

---

[4] 28 U.S.C. § 1332(c)(1); *see also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) ("We draw no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction. In each instance, the corporation is deemed a citizen of its place of incorporation and the location of its principal place of business."); *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 776 (9th Cir. 1992) (the court held that a Swiss corporation with its principal place of business in California possessed California citizenship); *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, No., WL 4730853, at *2–3 (W.D. Wash. Dec. 8, 2009) ("… removal of the Washington action is appropriate because there is diversity of citizenship between the parties and no defendant is a citizen of Washington. 28 U.S.C. § 1441(b).").

[5] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

[6] *Id*. at 89.

[7] *See, e.g., Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Galt v. Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (allowing consideration of claim for attorney fees); *Lopez v. Allstate Indem. Co.*, 2010 WL 11684517, at *2 (W.D. Wash. June 29, 2010) (held that the amount-in-controversy requirement was met based on a claim for $18,000 in contractual damages where the plaintiff also sought treble damages under IFCA and the CPA).

b. Plaintiff alleges that Scottsdale breached contractual and legal obligations based on its the handling of claims submitted by Plaintiff under the commercial property insurance policy issued by Scottsdale arising from alleged vandalism and damage to an insured building.[8]

c. The building repair estimates obtained by Plaintiff, which form the basis of its claim, were in excess of $300,000.[9] Scottsdale estimated that covered repairs to the building would cost $82,291.51.[10] The difference between the repair cost estimates presented by Plaintiff and Scottsdale is at least $217,708.49.

d. Plaintiff also seeks to recover extra-contractual damages, including bad faith damages, up to $25,000 in damages under the CPA, treble damages under IFCA, and reasonable attorney's fees.[11]

e. Therefore, the amount in controversy here greatly exceeds the $75,000.00 jurisdictional requirement.[12]

### III. VENUE AND ASSIGNMENT

6. Venue is proper in the United States District Court for the Western District of Washington because it is the district embracing King County, the location where the State Court Action is pending.[13]

---

[8] Complaint, ¶¶ 7, 13.

[9] Complaint, ¶ 24.

[10] Complaint, ¶ 23.

[11] Complaint, ¶¶ 76-78; *see also Dart*, 574 U.S. 81, 84 (2014). ("The amount in controversy includes ... attorney's fees, if authorized by statute or contract."); RCW 19.86.090.

[12] *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). ("The amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *see also Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[The amount in controversy] is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

[13] 28 U.S.C. § 1441(a) (any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

7. Assignment is proper to the Seattle Division because Plaintiffs filed the Complaint in the King County Superior Court and this action arises out of an insurance policy issued for property located in Whatcom County, Washington.[14]

## IV. PROCEDURAL REMOVAL

8. The process, pleadings, and order served on Scottsdale in this action include the Summons and Complaint. In accordance with 28 U.S.C. § 1446(a) and LCR 101, a true and correct copy of the process, pleadings, and orders, as well as any additional records and proceedings in the State Court Action, accompany this Notice of Removal and/or will be timely provided to the Court.

9. In accordance with 28 U.S.C. § 1446(d), Scottsdale will file, in the King County Superior Court, a notice to Plaintiff and to the State Court Clerk of Removal to the U.S. District Court.

10. By filing this Notice, Scottsdale does not waive, and expressly reserves, all rights, defenses, and objections of any nature that Scottsdale may have against Plaintiff's claims.

DATED: November 20, 2024

BULLIVANT HOUSER BAILEY PC

By *s/ Westin McLean*
Westin McLean, WSBA #46462
E-mail:   westin.mclean@bullivant.com

Attorney for Defendant Scottsdale Insurance Company

---

defendants, to the district court of the United States for the district and division embracing the place where such action is pending).

[14] Complaint.

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that on the date below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following via the CM/ECF system:

| | |
|---|---|
| Robert D. Bohm, WSBA #42703<br>ROBERT D. BOHM, PLLC<br>PO Box 25536<br>Federal Way, WA 98093<br>Telephone:  206.463.6767<br>E-mail:  rdbohm@premisesinjurylaw.com<br><br>*Attorneys for Plaintiff* | |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: November 20, 2024

*/s/ Genevieve Schmidt*
Genevieve Schmidt, Legal Assistant

4888-8264-9597.1