ØŠÒÖ
GŒGĺ ÁŒEŴÕĺ ÁGĺ ÁEĺ ĸFĺ ÁÚT
SŒ ÕÁÖUŴ VÝ
Ù ŴUÕÜ ŒŨÜ ÁÖUŴ Ü VÁÖŠÒÜS
ÒŒŜÒÖ
ÔŒĚÜÒÁ ŴÁGĺ ĚGĚFJ Ĥ ĺ ĺ ĚÁÚŒŒ

**SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR KING COUNTY**

| | |
|---|---|
| GEO. VANCOUVER UNIVERSITY COLLEGE CORPORATION, a foreign corporation, | NO. |
| Plaintiff, | **COMPLAINT FOR RELIEF AND MONEY DAMAGES** |
| v. | **(Jury Trial Requested)** |
| SCOTTSDALE INSURANCE COMPANY, a foreign corporation doing business in Washington; DOES I-V, | |
| Defendants. | |

Plaintiff, through counsel, alleges as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff GEO. VANCOUVER UNIVERSITY COLLEGE CORPORATION ("Plaintiff") at all times material hereto, is a corporation formed under the laws of the province of British Columbia, Canada. Plaintiff owns property in Bellevue, Washington.

2.    Defendant SCOTTSDALE INSURANCE COMPANY("SCOTTSDALE") is a foreign corporation licensed to do business in Washington in the lines of casualty and property

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 1

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

insurance.

3.    Defendants DOES I-V, (DOES I-V) are individuals employed by Defendant SCOTTSDALE who provide insurance producer services, including but not limited to, advice regarding amounts of coverage required for full replacement coverage on homes insured by Defendant SCOTTSDALE.  SCOTTSDALE is vicariously liable for the actions of DOES I-V.

4.    This Court has jurisdiction over the subject matter of this action and the parties to this action.

5.    Venue is proper in this Court under RCW 4.12.025 because SCOTTSDALE has significant business operations in King County, Washington.

## II.    FACTS GIVING RISE TO THE CLAIM

### A.    <u>SCOTTSDALE Insured Plaintiff's Property through a Policy of Insurance</u>

6.    Plaintiff owns a commercial apartment property located at 317 Cedar Street, Bellingham, Washington 98225 (the "Property").

7.    Plaintiff was insured by SCOTTSDALE under a Commercial Property Policy, commonly referred to as policy number CPS7293865 (the "Policy").

8.    Via the Policy, SCOTTSDALE agreed to provide property insurance coverage for Plaintiff and the Property.

9.    SCOTTSDALE was paid premiums in exchange for providing property insurance coverage to Plaintiff pursuant to the terms of the Policy and Washington law.

10.    The Policy, like all insurance contracts in the State of Washington, contains an implied covenant of good faith and fair dealing.

11.    The Policy stated, among other things, the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**A. Coverage**

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 2

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations, including:

> **(1)** Completed additions;
>
> **(2)** Fixtures, including outdoor fixtures;
>
> (3) Permanently installed:
>
> > **(a)** Machinery; and
> >
> > **(b)** Equipment;
>
> **(4)** Personal property owned by you that is used to maintain or service the building or structure or its premises, including:
>
> > **(a)** Fire-extinguishing equipment;
> >
> > **(b)** Outdoor furniture;
> >
> > **(c)** Floor coverings; and
> >
> > **(d)** Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

**B.     The Covered Loss and the Claim for Insurance Benefits**

12.     Plaintiff leases apartment in the Property for rental income.

13.     On or around November, 2021, during the Covid Epidemic and the state of emergency declared in Washington state on February 29, 2020, it was determined that individuals had entered the property and while in the property committed various acts of vandalism. Plaintiff discovered that the Property was severely damaged.  This damage included vandalism and destruction of the Property, including the inside and outside areas of the Property.

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 3

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

14.     Vandalism as a covered cause of loss under the Policy.

15.     At the time of the Loss the Policy was in full force and effect.

16.     Plaintiff timely submitted a claim to SCOTTSDALE, which was assigned claim number 02071081 (the "Claim").

17.     Throughout the Claim, Plaintiff performed all of its obligations and responsibilities under the Policy.

18.     Throughout the Claim, Plaintiff timely responded to all reasonable inquiries and requests from SCOTTSDALE.

19.     On or about May 31, 2022, SCOTTSDALE issued an estimate for a Replacement cast value in the amount of $9,711.96.

20.     Plaintiff retained the services of Public Adjuster Mike Harber  ("Harber") to assist in handling the Claim.

21.     Plaintiff also suspected fentanyl, methamphetamine and other drug contamination as well as the presence of asbestos, so Plaintiff retained the services of AA Decon to provide estimates of the remediation and removal of such contaminants. (the "Loss").

22.     On or about March 9, 2023, SCOTTSDALE prepared a revised estimate of the cost of repair of Plaintiff's Property, determining the Replacement Cost Value ("RCV") to be $80,161.00.

23.     SCOTTSDALE later prepared a revised estimate of the cost of repair of Plaintiff's Property, determining the Replacement Cost Value ("RCV") to be $82,291.51.

24.     Plaintiff had previously received estimates that the repair costs to the property were in excess of $300,000.00.

25.     SCOTTSDALE had a duty to investigate all material aspects of the Claim and to pay for the investigation. The inspection and/or investigation of Plaintiff's Loss were incomplete,

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

1    inadequate, and performed negligently.

2    26.    SCOTTSDALE failed to live up to their duties under Washington law and the

3    Washington Administrative Code, causing Plaintiff aggravation, lost time, emotional distress, and

4    other damages.

5    27.    These failures on the part of SCOTTSDALE required that Plaintiff at her own

6    expense retain experts so that a full and adequate investigation of the Claim could be completed.

7    28.    SCOTTSDALE has yet to provide Plaintiff with the full extent of insurance benefits

8    due to Plaintiff under the Policy and Washington law.

9    **C.    SCOTTSDALE Failed to Perform as Required by Law and the Policy**

10    29.    With respect to the events giving rise to this lawsuit, SCOTTSDALE acted through

11    their agents and employees. SCOTTSDALE is responsible for and liable for the actions of those

12    agents and employees.

13    30.    SCOTTSDALE failed to conduct a reasonable and adequate investigation of the

14    Loss and the Claim.

15    31.    SCOTTSDALE has unreasonably and wrongfully delayed in determining a

16    complete scope of loss and estimate for repairing the Property, to the detriment of Plaintiff.

17    32.    SCOTTSDALE has unreasonably and wrongfully denied coverage for the Loss.

18    33.    SCOTTSDALE has unreasonably and wrongfully denied insurance benefits for the

19    Loss owed to Plaintiff under the Policy and Washington law, including but not limited to benefits

20    for the repair of the Property.

21    34.    SCOTTSDALE failed to give equal or greater interest to the Plaintiff's interests,

22    including financial interests, when handling the Claim and making determinations regarding

23    coverage and benefits owed under the Policy for the Claim and the Loss.

24    35.    SCOTTSDALE knew, or should have known, that its unreasonable, incomplete,

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 5

and incompetent evaluation of the Loss is a breach of the duty and obligation of good faith and fair dealing owed to Plaintiff under the Policy.

36.    SCOTTSDALE knew, or should have known, that its failure to promptly and fully pay the Claim is not justified in light of the damage to the Property as a result of the Loss and the terms of the Policy.

37.    SCOTTSDALE failed to perform their obligations and duties under the Policy.

38.    SCOTTSDALE failed to perform their obligations and duties under Washington law.

39.    Plaintiff has incurred attorneys' fees and costs in connection with this action and this Claim.

### III.    CLAIMS ASSERTED AGAINST SCOTTSDALE

**A.    Declaratory Judgment**

40.    Plaintiff seeks a judgment from this Court declaring that Plaintiff is entitled to insurance coverage and insurance benefits, including the amounts thereof, which will be determined as investigation and discovery continue. Plaintiff seeks judgment with respect to all coverages that apply to the Loss, including without limitation coverage for replacement costs.

41.    Plaintiff seeks a judgment from this Court declaring that SCOTTSDALE is in violation of provisions of the Unfair Claim Settlement Practices Regulation, in Chapter 284-3 of the Washington Administrative Code.

42.    Plaintiff seeks a judgment from this Court declaring that SCOTTSDALE is estopped from asserting any time limitation in the Policy as a defense to coverage due to SCOTTSDALE's bad faith.

**B.    Breach of Contract**

43.    SCOTTSDALE is bound by the terms of the Policy and are legally and

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 6

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

contractually obligated to perform its duties as set forth in the Policy.

44.    SCOTTSDALE performed acts and omissions, including but not limited to those detailed herein, that constituted one or more failures of SCOTTSDALE to perform its duties as set forth in the Policy and as required by Washington law.

45.    Such acts and omissions also constitute failures to meet industry standards for the handling of insurance claims.

46.    SCOTTSDALE's failures constitute one or more breaches of contract.

47.    Plaintiff has sustained damages and legal expenses as a result of one or more of SCOTTSDALE's breaches of contract in amounts to be proven at trial.

**C.**    **Breach of Duties of Good Faith and Fair Dealing and Common Law Bad Faith**

48.    All of the acts, omissions, breaches, violations, and unreasonable, wrongful, and offending conduct by SCOTTSDALE as alleged herein were done knowingly, intentionally, or unreasonably by SCOTTSDALE or employees or agents acting on behalf of SCOTTSDALE and for which SCOTTSDALE is responsible and liable.

49.    SCOTTSDALE performed acts and omissions, including but not limited to those detailed herein, that constituted one or more breaches of duties owed by SCOTTSDALE to Plaintiff, including but not limited to the duty of good faith, the duty of fair dealing, quasi-fiduciary duties owed to Plaintiff, and other legal duties.

50.    Such acts and omissions did not meet and were in violation of industry standards for the handling of insurance claims.

51.    Plaintiff has sustained damages and legal expenses as a result of SCOTTSDALE's breaches of duty and common law bad faith in amounts to be proven at trial.

**D.**    **Negligent and/or Bad Faith Claims Handling**

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 7

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

52.    SCOTTSDALE performed acts and omissions, including but not limited to those detailed herein, that constituted one or more breaches of duties owed by SCOTTSDALE to Plaintiff, including but not limited to the duties otherwise described herein and the following duties:

a)    To conduct a reasonable investigation, evaluation, and coverage determination regarding the Claim;

b)    To accurately represent pertinent facts, Policy provisions, Policy coverage, and the law;

c)    To refrain from compelling Plaintiff to initiate litigation in order to recover benefits owed under the Policy by denying Plaintiff's claim;

d)    To give at least equal consideration to Plaintiff's financial and other interests as compared to SCOTTSDALE's own financial interests;

e)    To comply with Washington law in all matters relating to the handling or evaluation of the Claim;

f)    To not assert frivolous, unreasonable, or unsupportable coverage defenses or denials.

53.    SCOTTSDALE's acts and omissions, including but not limited to those described herein, did not meet and were in violation of industry standards for the handling of insurance claims.

54.    SCOTTSDALE otherwise failed to act reasonably when investigating, evaluating, and otherwise administering the Claim.

55.    SCOTTSDALE's various failures and breaches each constitute negligent claims handling.

56.    Plaintiff has sustained damages and legal expenses as a result of SCOTTSDALE's

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 8

1   negligent claims handling in amounts to be proven at trial.

2        **E.    Violation of the Consumer Protection Act**

3        57.    Plaintiff is first-party claimant to the Policy.

4        58.    Through its conduct, including but not limited to the conduct detailed herein,

5   SCOTTSDALE has acted unfairly and deceptively in violation of Washington's Consumer

6   Protection Act, more specifically, RCW 19.86.020.

7        59.    SCOTTSDALE's conduct occurred in trade or commerce.

8        60.    SCOTTSDALE's conduct affected the public interest.

9        61.    SCOTTSDALE's conduct violated Washington's Consumer Protection Act.

10       62.    Plaintiff has sustained damages and legal expenses as a result of SCOTTSDALE's

11  violation of the Consumer Protection Act in amounts to be proven at trial.

12       **F.    Injunctive Relief**

13       63.    Plaintiff asserts a claim for injunctive relief under the Consumer Protection Act.

14       64.    The Court should enjoin SCOTTSDALE from further acts that violate the

15  Washington Administrative Code, the Insurance Code, or the Consumer Protection Act.

16       65.    The Court should require SCOTTSDALE to enact procedures by which they would

17  meet its legal obligations to its insureds.

18       **G.    Violation of Insurance Fair Conduct Act**

19       66.    As detailed herein, Plaintiff has asserted rights to insurance policy benefits. Those

20  benefits were, and continue to be, due and owed to Plaintiff pursuant to the Policy and Washington

21  law.

22       67.    SCOTTSDALE has unreasonably denied and continues to unreasonably deny

23  coverage owed to Plaintiff under the Policy and Washington law.

24       68.    SCOTTSDALE has unreasonably denied and continues to unreasonably deny

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 9

**ROBERT D. BOHM, PLLC**
PO Box 25536
Federal Way, WA 98093
206-463-6767

1    insurance benefits owed to Plaintiff under the Policy and Washington law.

2    69.    SCOTTSDALE has unreasonably failed and continues to unreasonably fail to give

3    equal or greater consideration to Plaintiff's interests as it gives to its own interests.

4    70.    These unreasonable denials constitute violations of Washington's Insurance Fair

5    Conduct Act, more specifically, RCW 48.30.020.

6    71.    Plaintiff has provided at least twenty (20) days' notice of these claims to

7    SCOTTSDALE by providing a cover sheet and letter detailing the bases of these claims to

8    SCOTTSDALE and to the Washington Office of the Insurance Commissioner. As a result, the

9    notice requirements of RCW 48.30.015(8)(a) has been satisfied.

10    72.    Plaintiff has sustained damages and legal expenses as a result of SCOTTSDALE's

11    violation of the Insurance Fair Conduct Act in amounts to be proven at trial.

12    **IV.    PRAYER FOR RELIEF**

13    Plaintiff seeks the following in this action:

14    73.    Declaratory judgment entered by the Court as stated herein;

15    74.    Judgment against SCOTTSDALE on all claims in amounts to be proven at trial;

16    75.    An injunction entered by the Court as stated herein;

17    76.    Judgment against SCOTTSDALE for Plaintiff's costs, disbursements, and

18    reasonable attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117

19    Wn.2d 37, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37,

20    904 P.2d 731 (1995), RCW 19.86.090, RCW 48.30.015, Washington law governing insurer bad

21    faith, and otherwise as determined appropriate by the Court;

22    77.    Judgment against SCOTTSDALE for enhanced damages pursuant to RCW

23    19.86.090 and RCW 48.30.015, including but not limited to treble damages;

24    78.    Pre-judgment and post-judgment interest;

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 10

79.    Additional relief that Plaintiff may seek as litigation continues; and

80.    Other relief as the Court deems just and proper.

DATED this 26th day of August, 2024.


                                        ROBERT D. BOHM, PLLC


                                        /s/ Robert D. Bohm
                                        Robert Bohm WSBA # 42703
                                        Attorney for Plaintiff

COMPLAINT FOR RELIEF AND MONEY DAMAGES - 11