THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEO. VANCOUVER UNIVERSITY COLLEGE CORPORATION, a foreign corporation,<br><br>    Plaintiff,<br><br> v.<br><br>SCOTTSDALE INSURANCE COMPANY, a foreign corporation doing business in Washington; DOES I-V,<br><br>    Defendants. | No.: 2:24-cv-01913-BJR<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

The parties held a Rule 26(f) Conference on December 11, 2024, and they jointly submit this Joint Status Report and Discovery Plan.

**1.     Statement of the Nature and Complexity of the Case.**

This action centers around a claim submitted by Plaintiff Geo. Vancouver University College Corporation ("Plaintiff") under a commercial insurance policy issued by Defendant Scottsdale Insurance Company ("Scottsdale"). Plaintiff's claim arose from damage allegedly caused by vandalism at a multi-unit rental property owned by Plaintiff. A dispute developed between the parties regarding the cause of the alleged damage and the amount of coverage benefits owed for building repairs.

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR

PAGE 1

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

Plaintiff asserts claims against Scottsdale for breach of contract, breach of duties of good faith and fair dealing, bad faith, negligent claims handling, and violations of the Consumer Protection Act, Insurance Fair Conduct Act, and the Washington Administrative Code. Scottsdale denies the claims asserted by Plaintiff and asserts several affirmative defenses.

**2.     A Proposed Deadline for Joining Additional Parties.**

The parties agree that a reasonable deadline for joining additional parties is February 3, 2025.

**3.      Consent for a United States Magistrate Judge to conduct all proceedings, including trial and the entry of judgment.**

No.

**4.     Discovery plan and the Parties' Views, Proposals, and Agreements on Items Set Forth in Fed. R. P. 26(f)(3).**

The parties proposed the following discovery plan:

**(A)     Initial Disclosures**

Initial Disclosures were exchanged on or before December 26, 2024, in accordance with the Court's Order at Dkt. 3.

**(B)     Subjects, Timing, and Potential Phasing of Discovery**

The parties reserve the right to conduct discovery as permitted under the applicable Federal Rules of Civil Procedure, Local Rules, and court rules. At this time, Scottsdale intends to pursue discovery regarding: the facts underlying the loss and resulting claim, Plaintiff's alleged damages, and the basis for the claims asserted by Plaintiff. Plaintiff plans to pursue discovery regarding the claims process, claim payments, inspections, and estimates of damage prepared by Scottsdale. The parties anticipate deposing key fact witnesses and experts as appropriate, as well as exchanging written discovery. The parties also anticipate the likelihood of conducting remote depositions. Currently, the parties do not believe that discovery needs to be conducted in phases.

**(C)    Electronically Stored Information**

Currently, the parties do not anticipate any issues associated therewith. If any such issues arise, the parties will meet and confer regarding whether to adopt this District's Model Protocol for Discovery or ESI (the "Model Protocol"). At this time, the parties do not agree to adopt the Model Protocol.

**(D)    Privilege Issues**

The parties foresee that the discovery they intend to seek may result in claims of privilege or other legal protections. The parties agree to work together to resolve any disputes regarding any claims of privilege or legal protections before seeking the Court's assistance. In providing documents in response to written discovery requests, the parties agree to provide privilege logs identifying the withheld or redacted materials and the applicable privileges or legal protections.

**(E)    Proposed Limitations on Discovery**

The parties do not currently propose any changes or limitations to the scope of discovery permitted under the federal and local rules, but they reserve the right to request modifications as necessary in the future.

**(F)    Discovery Related Orders**

Currently, the parties do not request that the Court enter discovery related orders, but they reserve the right to request such orders as necessary in the future.

**5.    The Parties Views, Proposals, and Agreements on Items Set Forth in LCR 26(f)(1).**

**(A)    Prompt Case Resolution**

The parties intend to cooperate during all phases of litigation, including discovery, to facilitate the exchange of discoverable information and limit associated costs. The parties believe that the case may benefit from mediation after exchanging some discovery.

1  Defendant further anticipates that certain claims may be eliminated or narrowed through a
2  motion for partial summary judgment.

3          **(B)**      **Alternative Dispute Resolution**

4      The parties believe that the case may benefit from mediation following further
5  discovery.

6          **(C)**      **Related Cases**

7      There are no known related cases.

8          **(D)**      **Discovery Management**

9      The parties will act in good faith to manage discovery to minimize the expense to the
10 litigants, including the use of electronic means whenever reasonably possible. The parties
11 have consented to electronic service of filings with the Court through Pacer. The parties
12 intend to negotiate and enter into an electronic-service agreement for service of discovery
13 and production of documents.

14         **(E)**      **Anticipated Discovery Sought**

15     The parties reserve the right to conduct discovery as permitted under the applicable
16 Federal Rules of Civil Procedure, Local Rules, and court rules. At this time, Scottsdale
17 intends to pursue discovery regarding: the facts underlying the loss and resulting claim,
18 Plaintiff's alleged damages, and the basis for the claims asserted by Plaintiff. Plaintiff plans
19 to pursue discovery regarding the claims process, claim payments, inspections, and estimates
20 of damage prepared by Scottsdale. The parties anticipate deposing key fact witnesses and
21 experts as appropriate, as well as exchanging written discovery.

22     Neither party concedes that the information sought by the other party is necessarily
23 discoverable. Neither party intends for the description of anticipated discovery sought to
24 limit discovery that they may seek. Again, the parties anticipate the likelihood that most
25 depositions will be done remotely.

26

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR

PAGE 4

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

**(F)　Phasing Motions**

At this time, the parties do not request phasing of motions.

**(G)　Preservation of Discoverable Information**

The parties have applied and/or will apply the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

**(H)　Privilege Issues**

In the event of inadvertent disclosure of information claimed to be privileged, the parties will follow the procedure set forth in Fed. R. Evid. 502.

**(I)　Model Protocol for Discovery of Electronically Stored Information ("ESI")**

At this time, the parties do not believe that the Model Protocol for Discovery of ESI will be relevant to this case because they do not foresee any issues regarding discovery or production of ESI. They, however, agree to discuss whether to adopt the Model Protocol for Discovery of ESI should issues arise regarding discovery or production of ESI.

**(J)　Alternatives to Model Protocol for Discovery ESI**

At this time, the parties do not believe that the Model Protocol for Discovery of ESI will be relevant to this case because they do not foresee any issues regarding discovery or production of ESI. But if such issues arise, they agree to discuss whether to adopt the Model Protocol for Discovery of ESI. That is, currently, the parties do not adopt the Model Protocol for Discovery of ESI and do not propose to adopt a modified version thereof.

**6.　Date by Which Discovery Can be Completed.**

The parties propose that discovery be completed by August 22, 2025.

**7.　Bifurcation**

The parties do not seek bifurcation at this time.

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR

PAGE 5

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

**8.    Pretrial Statements**

The parties agree that pretrial statements and pretrial order called for by LCR 16(e), (h), (i), and (k), and LCR 16.1 should not be dispensed with.

**9.    Suggestions for shortening or simplifying the case.**

The parties believe that a settlement is relatively likely, particularly once discovery is exchanged. Additionally, Defendant and Plaintiff believe that certain claims may be eliminated or narrowed through a motion for partial summary judgment.

**10.    The date the case will be ready for trial.**

At this time, the parties believe this case will be ready for trial on or shortly after January 12, 2026.

**11.    Trial by Jury/Non-Jury**

Jury.

**12.    The number of trial days required.**

The parties anticipate four to six court days for trial based on the current claims.

**13.    The names, addresses, and telephone numbers of all trial counsel.**

For Defendant:    Westin McLean
Bullivant Houser Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington, 98104
(206) 292-8930
westin.mclean@bullivant.com

For Plaintiff:    Robert D. Bohm
PO Box 25536
Federal Way, WA  98093
206-463-6767
rdbohm@premisesinjurylaw.com

Jesse Froehling
Bastion Law, PLLC
113 Cherry Street, PMB 97380
Seattle, WA 98104
Phone: 206-274-9380
jesse@bastion.law

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR

PAGE 6

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

## 14. Trial Date Complications

*Plaintiff's Counsel has the following Trial Conflicts:*

| MATTER NAME | COURT | TRIAL |
|---|---|---|
| TRG Investments, LLC v. Oregon Mutual Insurance | Grays Harbor Superior Ct. | 10/14/2025 |
| Rojas, et al. v. Allstate | U.S. Dist. W. WA | 10/20/2025 |
| Adams v. Am. Fam. | U.S. Dist. W. WA | 10/27/2025 |
| Drammeh, et al. v. State Farm | U.S. Dist. W. WA | 11/3/2025 |
| Gunn v. State Farm | U.S. Dist. W. WA | 11/3/2025 |
| Han v. State Farm | King County Superior Ct. | 11/3/2025 |
| Drammeh, et al. v. State Farm | U.S. Dist. W. WA | 11/3/2025 |
| Itkin v. USAA | U.S. Dist. W. WA | 11/10/2025 |
| Target v. Webster | Pierce County Superior Court | 11/20/2025 |
| MacKay v. Goe Fast Dairy Distribution | Eleventh Judicial District Court of Flathead County, Montana | 12/1/2025 |
| Castro v. State Farm | U.S. Dist. W. WA | 12/8/2025 |
| McCroskey v. Garrison Property & Casualty Ins. Co. | U.S. Dist. W. WA | 12/8/2025 |
| Wisemann, et al. v. State Farm | U.S. Dist. W. WA | 1/5/2026 |
| Kisker v. Safeco Ins. Co. | U.S. Dist. W. WA | 1/5/2026 |
| Richardson v. Red Robin International, Inc. | U.S. Dist. W. WA | 1/13/2026 |
| Rosenberg v. The Hartford | U.S. Dist. W. WA | 1/13/2026 |
| Roesch v. Farmers | Pierce County Superior Court | 1/21/2026 |

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR
PAGE 7

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

| MATTER NAME | COURT | TRIAL |
|---|---|---|
| Ungari v. State Farm | U.S. Dist. W. WA | 2/9/2026 |
| Corona v. Am. Fam. | U.S. Dist. W. WA | 2/17/2026 |
| Beach v. State Farm | U.S. Dist. W. WA | 3/2/2026 |
| S&G Investments, LLC v. OSIC | U.S. Dist. W. WA | 3/2/2026 |

*Defendant's Counsel has the following Trial Conflicts:*

Before January 12, 2026.

### 15. Status of Service

Scottsdale has been served.

### 16. Scheduling Conference

The parties do not request a scheduling conference before the Court enters a scheduling order in this case.

### 17. Date Corporate Disclosure Statements were Filed.

Defendant Scottsdale Insurance Company filed its corporate disclosure statement on November 22, 2024. Dkt. 5. Plaintiff filed its corporate disclosure statement on December 12, 2024. Dkt. 9.

DATED: January 2, 2025

BULLIVANT HOUSER BAILEY PC

By  *s/ Westin McLean*
    Westin McLean, WSBA #46462
    E-mail: westin.mclean@bullivant.com

*Attorney for Defendant Scottsdale Insurance Company*

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR

PAGE 8

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

ROBERT D. BOHM, PLLC

By *s/ Robert D. Bohm*
Robert D. Bohm, WSBA #42703
E-mail: rdbohm@premisesinjurylaw.com

BASTION LAW PLLC

By *s/ Jesse Froehling*
Jesse Froehling, WSBA #47881
E-mail: jesse@bastion.law

*Attorneys for Plaintiff*

4896-5695-5916.1

JOINT STATUS REPORT AND DISCOVERY PLAN
NO.: 2:24-CV-01913-BJR

PAGE 9

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930